# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| Tyson R. Walker, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER DENYING MOTION TO AMEND** |
| | ) | **AND DISMISSING CASE WITHOUT** |
| vs. | ) | **PREJUDICE** |
| | ) | |
| Leann Bertsch, et. al., | ) | Case No. 1:17-cv-241 |
| | ) | |
| Defendants. | ) | |

Tyson R. Walker ("Walker") is an inmate at the James River Correctional Center. He initiated the above-entitled action *pro se* and *in forma pauperis*. The court reviewed his Complaint as mandated by 28 U.S.C. § 1915A and, finding it devoid of any cognizable constitutional claims, ordered him to show cause why this case should not be dismissed for failure to state a claim or, alternatively, to file an Amended Complaint. Walker complied with the court's directive and filed an Amended Complaint. He subsequently filed a motion for leave to file a Second Amended Complaint. For the reasons set forth below, Walker's motion is denied and the above-entitled action is dismissed without prejudice.

## I.  BACKGROUND

Walker filed an Amended Complaint on January 11, 2018, asserting:

> Even as an inmate I am guaranteed a right to due process. The NDDOC offers a grievance procedure to that end. I am claiming that my civil right to an impartial due process policy and procedure have been denied. Once the subject of the grievance - UM Friez - decided he would hear the grievance Step One, I was denied due process, regardless of the outcome. In the ensuing weeks and months, my loss of housing, job, good time, money, property and personal items have been forfeit due to this. Had the proper impartial procedure been used, we would not be here, but we cannot undo the damage. These are the DOC guidelines, not mine. it is the DOC who claims they have a due process policy that allows them to accept Federal Funds and be compliant with the American Corrections Association. The director goes on to

1

> claim that her policy doesn't say that the subject cannot respond to the grievance. That is correct. However, and this is important, the subject has the opportunity to hear the informal resolution state, not the step one or step two stage. UM Fode, UM Sullivan, NDSP Warden and by the Director denying my appeal, all bear responsibility for their own failings in this. Seems concerted.
>
> As further proof that this is systemic and not isolated, I am trying to recover prescription eye wear the DOC disposed of. I have to use their grievance procedure. So I filed the informal resolution. So that was in October. The DOC has decided that the issue is moot. So instead of just denying the grievance, they sit on it, and I have no recourse, as their policy states I need a response to continue. Once again my civil right to due process is thwarted.
>
> Somehow the court has been misled on the other facts. I failed somehow in the conveyance. In the claim of cover-up, I am expressing my theory on why I no longer have any property, hygiene, legal papers and/or personal effects. The content of what was in the notebook was for background only. I do not represent the former female employees nor is this a vehicle for that issue. However, the odds of this being a coincidence are zero. The DOC does not offer their version. The punishment seems severe for the crime for the suicides that have been on their watch, it is another example of the toxicity here. I'd like to point out that since this lawsuit has been filed, another suicide has taken place; [a fellow inmate has] strangled himself. Preventable, all of them. How the DOC spins staff not doing their rounds is going to be interesting. Perhaps this shocks the conscience of the court and John Q. Public that something is wrong at the NDDOC.
>
> My due process is only a part of the disfunction, and this is not even the first issue with me, but as already been stated, that paperwork has been destroyed. I pray that the Federal Court is going to be the "Adult in the Room" and not accept business as usual for sexual harassment, no accountability, no credible due process and not accepted suicide as just another day @ the office.
>
> As for my "fraud" claim, the DOC has gone to a lot of trouble to tag me as having a "SMI." SO now I am subjected to hardship and/or cruel and unusual punishment against my civil rights to not be. Since it seems general population is not in the cards here, I pray the court sees fit to rule a return to A.S.

(Doc. No. 11) (errors in original). Attached to the Amended Complaint is correspondence from

Director Bertsch to Walker, dated May 4, 2017, that reads as follows:

> You filed a step one grievance on March 13, 2016, regarding Unit Manager Friez answering a step one grievance. In the informal resolution and step one response, it was explained that DOCR policy does not state any employee who is the subject

2

of the grievance cannot respond to the grievance. You filed a step two grievance on march 22, 2017. The grievance officer denied your grievance, again noting that the DOCR Grievance Procedure policy states, "the informal resolution responder may also be a responder to the formal grievance (step 1)." Warden Braun agreed wit the findings and recommendation of the grievance officer and denied the director of the Department of Corrections and Rehabilitation.

The grievances and appeal were reviewed. This appeal response is to the step one grievance issue. As noted to the appeal form, you are appealing the decision to the original complaint, that being United Manager Friez responding to a grievance. You were correctly informed in the responses to the step one and step two grievances that DOCR policy does not prohibit the subject of a grievance from responding to a grievance. Your appeal is denied.

(Doc. No. 11-1).

On May 14, 2018, Walker filed a motion for leave to amend hi Amended Complaint to include a claim pursuant to the qui tam provisions of the False Claims Act.

## II.     DISCUSSION

### A.     Motion to Amend

#### 1.     Standard of Review

Fed. R. Civ. P. 15(a)(2) provides that the court may permit a party to amend the pleadings when justice so requires. It is generally left to the court's discretion whether to grant leave to file an amended pleading. Gamma-10 Plastics, Inc. v. Am. President Lines, Ltd., 32 F.3d 1244, 1255 (8th Cir. 1994); Williams v. Little Rock Mun. Water Works, 21 F.3d 218, 224 (8th Cir. 1994); Brown v. Wallace, 957 F.2d 564, 566 (8th Cir. 1992). "Unless there is a good reason for denial, 'such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment, leave to amend should be granted.'" Becker v. Univ. of Neb. at Omaha, 191 F.3d 904, 907-08 (8th Cir. 1999) (original citation omitted). Although a party does not have an absolute right

to amend a pleading, such a motion should only be denied on the merits if it asserts clearly frivolous claims or defenses. See id. at 908 (citing Williams, 21 F.3d at 224 and Gamma-10 Plastics, Inc., 32 F.3d at 1255). Such is the case here.

### 2. Discussion

Walker seeks leave to amend his pleadings to include a claim under the qui tam provisions of the False Claim Act ("FCA"). Although not entirely clear, his proposed claim appears to be premised on his belief that the Department of Corrections was not entitled to any federal assistance it may have received because its grievance procedure does not meet the minimum constitutional standards and cannot receive federal assistance going forward unless and until it submits a grievance procedure meeting these minimum standards to the United States Attorney General. Specifically, he avers:

> The Department of Corrections - ND - must send to the U.S. Attorney Generals office a copy of their "due process" policy, in this case their grievance procedure, and then the U.S. A.G. office would then certify this claim making the ND DOC eligible for Federal Funding. No where in the ND DOC handbook does it require the DOC to have time limit. Nor does it state employees who are involved with the grievance cannot participate in the resolution. Which, as I have noted, must be included to meed minimum stands. As the ND DOC Director has, in 2013, 2015, and 2017, stated her department received Federal funding, to the legislative committees she must get state funding from, and the local newspapers have quoted her, we make take it for fact, unless she is prepared to correct the account. If we take it as fact that the ND DOC does indeed get Federal Funding, which is not privileged information, and that Walker has indeed been the victim of a faulty due process policy, it would see as though the ND DOC has violated the "False Claims Act" by either submitting a false due process policy claim or has not updated the U.S. Attorney Generals office of their current due process policy. As of this date I have received no reply from the U.S. A.G. office under the Freedom of Information Act in regards to this.
>
> In filing Qui Tam, I am claiming I am the victim of the ND DOCs fraud and deception for not having a due process policy meeting minimum standards, making the ineligible for Federal Funds.

> I am now asking the court to place an injunction on the ND DOC from applying for and receiving and/or spending any and all Federal Funds until their policies meet said minimum standards.
>
> As the ND DOC has refused to consider any and all attempts by myself to get said policies in compliance I'm also asking the court to find them for every day that they have kept me in segregation.

(Doc. No. 15).

The FCA imposes civil liability upon any person who presents a false or fraudulent claim for payment or approval to the U.S. Government. 31 U.S.C. § 3729. An FCA action may be commenced in one of two ways. First the U.S. Government may file suit. 31 U.S.C. § 3730(a). Second, a "private person (the relator) may bring a qui tam civil action 'for the person and for the United States Government' against the alleged false claimant, 'in the name of the Government.'" Id. (quoting 31 U.S.C. § 3730(b)(1))."

As the United States Supreme Court explained in Vermont Agency of Natural Resources, v. U.S. ex. rel. Stevens, 529 U.S. 765, 768 (2000), a State is not considered a person under the FCA and therefore not subject to qui tam liability.

> [W]e believe that various features of the FCA, both as originally enacted and as amended, far from providing the requisite affirmative indications that the term "person" included States for purposes of qui tam liability, indicate quite the contrary. Our conclusion is buttressed by two other considerations that we think it unnecessary to discuss at any length: first, "the ordinary rule of statutory construction" that "if Congress intends to alter the usual constitutional balance between States and the Federal Government, it must make its intention to do so unmistakably clear in the language of the statute," Will, 491 U.S., at 65, 109 S.Ct. 2304 (internal quotation marks and citation omitted); see also Gregory v. Ashcroft, 501 U.S. 452, 460–461, 111 S.Ct. 2395, 115 L.Ed.2d 410 (1991); United States v. Bass, 404 U.S. 336, 349, 92 S.Ct. 515, 30 L.Ed.2d 488 (1971), and second, the doctrine that statutes should be construed so as to avoid difficult constitutional questions. We of course express no view on the question whether an action in federal court by a qui tam relator against a State would run afoul of the Eleventh Amendment, but we note that there is "a serious doubt" on that score. Ashwander v. TVA, 297 U.S. 288, 348, 56 S.Ct. 466, 80 L.Ed. 688 (1936) (Brandeis, J., concurring) (internal quotation marks and

5

citation omitted).18

    We hold that a private individual has standing to bring suit in federal court on behalf of the United States under the False Claims Act, 31 U.S.C. §§ 3729–3733, but that the False Claims Act does not subject a State (or state agency) to liability in such actions.

Vermont Agency of Nat. Res. v. U.S. ex rel. Stevens, 529 U.S. 765, 769 (2000).

As the State is not subject to qui tam liability, allowing Walker to amend his pleadings to assert such a claim would be an exercise of futility. The fact that Walker did not explicitly name the State as a defendant makes no difference as it is abundantly clear from his motion that the real party in interest is the State, to wit: the alleged conduct forming the basis for Walker's proposed claim was performed by a state employee acting in her official capacity and the remedy he seeks is against the State.[1] Walker's motion to amend (Doc. No. 14) is therefore denied. The court shall next screen Walker's Amended Complaint.

### B. Screening of Amended Complaint

#### 1. Standard of Review

The court is required to conduct an initial screening of Walker's Amended Complaint pursuant to the 28 U.S.C. § 1915A. As the order to show cause set forth the standard of review governing its initial review of prisoner pleadings, the court need not repeat it here. (Doc. No. 8).

#### 2. Discussion

The crux of Walker's Amended Complaint appears to be that a unit manger who was the subject of a grievance filed by Walker was permitted to sit in review of the grievance at the first of step of what is a three-step procedure. Walker claims that he was denied due process as the unit

---

[1] One cannot make a straight-faced argument that Walker is endeavoring to assert a claim under the qui tam against a state official in his or her individual capacity. At best, he is endeavoring to assert a claim against a state official in her official capacity. And it well settled that such a claim is treated as claim against the State. Kentucky v. Graham, 473 U.S. 159, 166 (1985).

6

manager was neither fair nor impartial.

First, as the court previously explained in its order to show cause, a claim based upon a deficiency in a prison grievance procedure is not cognizable under § 1983 because "an inmate grievance procedure is not constitutionally required." Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2002) ("The courts of appeals that have confronted the issue are in agreement that the existence of a prison grievance procedure confers no liberty interest on a prisoner."); Flowers v. Tate, 925 F.2d 1463 (6th Cir. 1991) (holding that an inmate "does not have a constitutional right to an effective grievance procedure."); McCray v. Mallory, 931 F.2d 54 (4th Cir. 1991) (holding a plaintiff's claim regarding insufficiency of inmate grievance procedure to be "frivolous" because such a procedure is "not constitutionally required"); Miller v. Jones, 791 F. Supp. 240, 241–42 (E.D. Mo. 1992) (holding that inmate's allegation of "wrongful denial of a grievance [fails to state a viable claim for relief in a § 1983 action as he] has no constitutional right to a grievance procedure")."A prison grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates. Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993); see also Oliver v. Whitehead, No. 3:14–cv–1506–J–39JRK, 2017 WL 26860 at *8 (M.D. Fla. Jan. 3, 2017 ("[F]ailure to thoroughly or impartially investigate a grievance does not present an actionable claim under 42 U.S.C. § 1983.")); Green v. Tenn Dep't of Corr., No. 2:15-CV-338-JRG-MCL, 2016 WL 166061, at * 3 (E.D. Tenn. Jan. 13, 2016) (opining than an inmate had "no constitutional right to a grievance system in the first place, must less one that is fair and impartial."); Bartelli v. Galabinski, 228 Fed. App'x 194, 197 (3d Cir. 2007) (opining that state grievance procedures do not confer any

7

substantive constitutional rights upon prisoners); Lee v. Mich. Parole Bd., 104 Fed. App'x 490, 493 (6th Cir. 2004) ("Section 1983 liability may not be imposed simply because a defendant denied an administrative grievance or failed to act based upon information contained in a grievance.").

Second, as the correspondence from Director Bertsch to Walker evinces, the process did not necessarily have to end with the unit manager. There were two additional steps that Walker could have taken, the third being an appeal to the Director Bertsch. Thus, the ultimate decision regarding Walker's grievance does not rest with the unit manager.

The import of all of this is that Walker's issue with the grievance process does not constitute the basis for a cognizable claim. The court further finds that Walker's pleadings are devoid of any cognizable claim for fraud, obstruction of justice, and a cover up for reasons previously articulated in its order to show cause. (Doc. No. 8).

### III. CONCLUSION

The Motion to Amend (Doc. No. 15) is **DENIED** and the above-entitled action is **DISMISSED** without prejudice.

**IT IS SO ORDERED.**

Dated this 21st day of June, 2018.

/s/ Charles S. Miller, Jr.
Charles S. Miller, Jr., Magistrate Judge
United States District Court